45845.   NANCE v. THE STATE.

Hall, Presiding Judge. A defendant convicted of larceny appeals from the denial of his plea of autrefois convict and from the denial of his motion for new trial.

Defendant was indicted in the United States District Court for conspiring to, and transporting stolen property across State lines. He entered a plea of guilty and was given a sentence which was suspended on probation and payment of a fine. He was subsequently indicted in Georgia for larceny (based on the same transaction as that for which he was indicted in the Federal court), was tried, convicted and sentenced to the penitentiary. Before his trial in the State court, he entered a plea of autrefois convict which was overruled. After sentencing, he filed a motion for a new trial which the court denied.

1. Defendant contends that the double jeopardy provisions of both the Federal and Georgia Constitutions protect him, after conviction in a Federal court, from a second trial in a State court based upon the same transaction. There is no constitutional bar to a second prosecution when the transaction constitutes a crime under the laws of both the United States and the State of Georgia. Bartkus v. Illinois, 359 U. S. 121 (79 SC 676, 3 LE2d 684); *Cooley v. State,* 152 Ga. 469 (110 SE 449); *Scheinfain v. Aldredge,* 191 Ga. 479 (12 SE2d 868).

2. As special grounds for his motion for a new trial, defendant contends the court improperly admitted hearsay evidence in two separate instances. The court did not err since this evidence was in the form of declarations made by co-conspirators, and admitted only after evidence proving a prima facie case of con-

spiracy had been introduced. *Code* § 38-306; *Evans v. State,* 222 Ga. 392 (15) (150 SE2d 240), cert. denied, 385 U. S. 953.

3. In another contended admission of hearsay, the evidence was proffered in explanation of the conduct of the witness, conduct which defendant's attorney was at that very point calling into question. The court properly allowed the testimony as explanation of conduct only, and cautioned the witness concerning the form the testimony should take. *Estes v. State,* 224 Ga. 687 (164 SE2d 108).

4. Defendant contends the court denied him the right to give a witness a thorough and sifting cross examination when the court refused to let his lawyer paraphrase this witness's testimony at a previous trial and required him to read the testimony in question from the transcript (which the attorney had before him and from which he had been reading just prior to this incident). The contention is without merit.

5. Defendant enumerates as error the court's direction that he furnish the State with a list of his proposed witnesses, contending this violated his rights under Art. I, Sec. I, Par. V of the Georgia Constitution (*Code Ann.* § 2-105). We cannot see the connection. This paragraph requires the State to furnish a defendant with the list of *its* witnesses. Further, the list was requested in this case because the rule had been invoked by *both sides,* defendant's witnesses were not then present in the courtroom to be sworn and sequestered, and the court obviously believed there should be a cross check to keep them from entering the courtroom inadvertently. The enforcement of sequestration is a function of the trial court. *Code* § 38-1703.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

Argued January 12, 1971—Decided February 11, 1971— Rehearing denied March 4, 1971—Cert. applied for.

*Barnes & Little, James M. Barnes,* for appellant.
*Robert B. Adams, District Attorney,* for appellee.