**Grady Wigfall MARTIN, Plaintiff-Appellant,**

v.

**James ROSE, Warden, Defendant-Appellee.**

**No. 72-2227.**

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1973.

Decided July 18, 1973.

Certiorari Denied Oct. 9, 1973.
See 94 S.Ct. 86.

Jerry H. Summers (Court Appointed), Chattanooga, Tenn., on brief, for appellant.

Bart Durham, Asst. Atty. Gen., Nashville, Tenn., David M. Pack, Atty. Gen., on brief, for appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and MOYNAHAN *, District Judge.

PER CURIAM.

In January 1969, appellant was tried before a jury in the United States District Court for the Eastern District of Tennessee and found not guilty of robbing a Chattanooga bank in 1968, in violation of 18 U.S.C. §§ 2 and 2113(a) & (d). Thereafter in May 1969, the appellant was indicted by the Grand Jury for Hamilton County, Tennessee, for the same robbery in violation of Tennessee Code Annotated (T.C.A.) 39–3902. Appellant filed a motion to dismiss on the basis that he was being placed in double jeopardy. The motion was denied and appellant was found guilty by a jury of the bank robbery. A sentence of 30 years was imposed. The conviction was affirmed by the Tennessee Court of Appeals and a petition for writ of certiorari was denied by the Tennessee Supreme Court. A petition for habeas corpus relief was then filed in the District Court, which denied the petition. The Court, however, granted the certificate of probable cause and this action followed.

■ There has been no application for relief under the Tennessee post-conviction relief statute, T.C.A. 40–3801 et seq. However, since the only allegation presented in this habeas corpus action has already been presented to the state supreme court upon direct appeal, application for relief under the Tennessee statute is not considered a requisite. Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); Brown v. Allen, 344 U.S. 433, 73 S.Ct. 397, 97 L.Ed. 469 (1952).

Appellant's sole allegation is that his state prosecution is constitutionally infirm as violative of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States.

■ The appeal is controlled by Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Similar to this case, *Bartkus* involved an acquittal on a federal charge of bank robbery which was followed by a state conviction for the same robbery. The Supreme Court found that such successive federal and state prosecutions based upon the same acts do not violate the Double Jeopardy Clause. And in a case announced the same day as *Bartkus,* the sequence of the prosecutions was reversed and the Supreme Court held that the Fifth Amendment does not bar a federal conviction which follows a state conviction for the same act. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

■ Appellant urges that *Bartkus* no longer has continuing validity, particularly in view of recent Supreme Court decisions in such cases as Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1968); Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L. Ed.2d 469 (1970). *Benton* held that the Fifth Amendment's guarantee that no person shall be twice put in jeopardy for the same offense is binding on the states through the Fourteenth Amendment. In characterizing the double jeopardy prohibition as a basic right to be applied to the states, the Court rejected the fundamental fairness standard of Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937), which was heavily relied upon in the *Bartkus* decision. We do not, however, read *Benton* as rejecting the result of *Bartkus.* *Waller*

---

* Honorable Bernard T. Moynahan, Jr., Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

unanimously held that a municipality is not a separate sovereign but merely a creature of the state and consequently successive state and municipal convictions based on the same acts are barred by the Double Jeopardy Clause. Since the instant case involves federal and state prosecutions, it is distinguishable. *Ashe* involved successive state prosecutions and held that the rule of collateral estoppel is an essential part of the Constitution's prohibition against double jeopardy. The Court said:

> " 'Collateral estoppel' . . . means simply that when a[n] (sic) issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194.

Since the successive federal and state prosecutions of this case do not involve the same parties or their privies, we cannot apply the rule of collateral estoppel.

Although it appears that the dual sovereignty doctrine, which allows a single offense to be punished by two separate sovereigns, reached a high-water mark in the *Bartkus* case and has experienced some erosion through the subsequent years [1], we find that the Federal courts still recognize and affirm the continuing validity of *Bartkus* [2]. See, e. g., United States v. Jackson, 470 F.2d 684, 689 (5th Cir. 1972); United States v. Canty, 153 U.S.App.D.C. 103, 469 F.2d 114, 128 n. 20 (1972); United States v. Crosson, 462 F.2d 96, 103 (9th Cir. 1972); Goldsmith v. Cheney, 447 F.2d 624, 628 n. 3 (10th Cir. 1971); United

States v. Smith, 446 F.2d 200, 202–203 (4th Cir. 1971); United States v. Synnes, 438 F.2d 764, 773 (8th Cir. 1971).

The judgment of the District Court is affirmed.

---

1. See, e. g., Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

2. We note further that the United States Supreme Court has recently denied certiorari in several cases questioning the application of the dual sovereignty doctrine to consecutive federal and state prosecutions. Bechtel v. New Jersey, cert. denied, 404 U.S. 831, 92 S.Ct. 72, 30 L.Ed. 2d 61 (1971); Colonial Pipeline Co. v. New Jersey, cert. denied, 404 U.S. 831, 92 S.Ct. 72, 30 L.Ed.2d 61 (1971); Feldman v. New Jersey, cert. denied, 404 U.S. 865, 92 S.Ct. 76, 30 L.Ed.2d 109 (1971); Jacks v. New Jersey, cert. denied, 404 U.S. 865, 92 S.Ct. 76, 30 L.Ed.2d 109 (1971); Leuty v. New Jersey, cert. denied, 404 U.S. 865, 92 S.Ct. 77, 30 L.Ed. 2d 109 (1971).