STATE OF CONNECTICUT *v.* DENNIS TICHE

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 23142
AT BRIDGEPORT

Memorandum filed May 12, 1976

*Donald A. Browne,* state's attorney, for the state.

*David M. Abbamonte,* for the defendant.

SADEN, J. This case presents an issue of first impression in Connecticut, although many state and

federal courts have ruled on it heretofore. It involves the question whether double jeopardy is involved in a state prosecution which follows a federal prosecution arising out of the "same transaction." The defendant, asserting that he has recently been convicted in the United States District Court for the district of Connecticut of federal crimes arising from the same incident on which the state now seeks to try him, has moved to dismiss the indictment against him on the ground that it constitutes double jeopardy. Unfortunately, in the present case, the court has not been advised of the nature of the crimes for which the defendant was convicted in federal court and, therefore, has no means to determine if this state information, for arson in the first degree and burglary in the first degree, constitutes the same offenses.

Under *Bartkus* v. *Illinois,* 359 U.S. 121, 124, the question of double jeopardy arose by virtue of the due process clause of the fourteenth amendment which incorporates that protection granted by the fifth amendment of the federal constitution. The Connecticut constitution contains no provision against double jeopardy. See *Kohlfuss* v. *Warden,* 149 Conn. 692, 695; *State* v. *Palko,* 122 Conn. 529, 538.

The fifth amendment to the United States constitution reads, in part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Thus a prerequisite to the invocation of the double jeopardy rule is that the successive prosecutions be for the "same offence." *United States* v. *Ewell,* 383 U.S. 116, 124. Various United States Supreme Court cases have set down rules for determining what is the "same offence." See *Blockburger* v. *United States,* 284 U.S. 299; *Gavieres* v. *United States,* 220 U.S. 338,

342; and *Burton* v. *United States,* 202 U.S. 344; but none of those cases has ever adopted the "same transaction" test.[1]

Nevertheless, the law in the area of successive federal-state prosecutions for the same kind of offense is clear. The doctrine of dual sovereignty allows successive federal-state prosecutions for the same offense. *Abbate* v. *United States,* 359 U.S. 187; *Bartkus* v. *Illinois,* supra; and *United States* v. *Lanza,* 260 U.S. 377. The court in *Lanza* stated (p. 382): "We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other." In *Bartkus,* the petitioner was acquitted of robbery charges in a federal court and retried and convicted on that same robbery charge and the same evidence by a state court. The court, citing a large body of impressive precedent which showed that courts had for years refused to bar a second trial for the same offense, even when there had been a prior trial by another government, reaffirmed the dual sovereignty doctrine and proclaimed reprosecution by a state government after trial by the federal government not to be in violation of the double jeopardy provisions of the United States constitution.

Cases such as *Ashe* v. *Swenson,* 397 U.S. 436, *Waller* v. *Florida,* 397 U.S. 387, and *Benton* v.

---

[1] See the concurring opinion of Brennan, J., in *Ashe* v. *Swenson,* 397 U.S. 436, 448, in which the court did not join and where Harlan, J., wrote a concurring opinion making clear that in his view the court does not advocate the use of the "same transaction" test. Also, Mr. Justice Brennan in his concurring opinion stated specifically that the use of the same transaction test would be necessary if, as here, a single court did not have jurisdiction of all the alleged crimes. Id., 453.

*Maryland*, 395 U.S. 784, which followed *Bartkus*, were thought by some to have impugned the doctrine of dual sovereignty, but all of them involved successive state court prosecutions in the same state, and subsequent cases do not view them as rejecting the concept of dual sovereignty. Both the federal courts (*United States* v. *Ackerson*, 502 F.2d 300, 302 [8th Cir.]; *United States* v. *Delay*, 500 F.2d 1360, 1362 [8th Cir.]; *United States* v. *Hayles*, 492 F.2d 125, 126 [5th Cir.]; *United States* v. *Smaldone*, 485 F.2d 1333 [10th Cir.]; *Martin* v. *Rose*, 481 F.2d 658, 659 [6th Cir.], cert. denied, 414 U.S. 876; *United States* v. *Jackson*, 470 F.2d 684, 689 [5th Cir.]; *United States* v. *Barone*, 467 F.2d 247, 250 [2d Cir.]; *United States* v. *Crosson*, 462 F.2d 96, 103 [9th Cir.]) and the state courts (*Bell* v. *State*, 22 Md. App. 496, 510, cert. denied, 421 U.S. 1003; *State* v. *Turley*, 518 S.W.2d 207, 210 [Mo. App.], cert. denied, 421 U.S. 966; *State* v. *Fletcher*, 26 Ohio St. 2d 221, cert. denied, 404 U.S. 1024; *Commonwealth* v. *Mills*, 447 Pa. 163) have made this manifest. In addition, the United States Supreme Court has denied certiorari in all of the subsequent cases which have sought to reverse the dual sovereignty concept, e.g., *Martin* v. *Rose*, supra.

*Bartkus* v. *Illinois*, 359 U.S. 121, is still the law and successive prosecutions by the federal and state governments for the same offense do not constitute double jeopardy. *Commonwealth* v. *Mills*, supra. Thus, even if we are dealing here with the same offense, the state of Connecticut is not barred from pursuing its rights to try the defendant.

The motion to dismiss the indictment, based on an asserted violation of the due process clause of the fourteenth amendment incorporating the double jeopardy provisions of the fifth amendment to the United States constitution is, therefore, denied.