## GERALD CLAIR CRANE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8854

October 28, 1976          555 P.2d 845

*Horace R. Goff,* Public Defender, Carson City, for Appellant.

*Michael Fondi,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Convicted of first degree kidnapping, appellant here contends the district court erred by (1) denying credit on his state sentence for time served while in federal custody, and (2) imposing a state sentence to run consecutively to his federal sentence. We disagree.

On October 15, 1975, appellant kidnapped Marie Butler for the purpose of exacting $150,000.00 from the Carson City branch of the First National Bank of Nevada through her husband, the manager of that bank. While at the bank attempting to achieve this goal, appellant was apprehended and thereafter incarcerated in the Carson City Jail until October 16, 1975, when he was surrendered to federal authorities to face charges of attempted bank robbery. Appellant pleaded guilty to those charges and was sentenced to a term of ten years in federal prison, with credit for time served since October 16, 1975. Subsequently, appellant pleaded guilty to state charges of first degree kidnapping and was sentenced to twenty-five years in the Nevada State Prison with credit for the one day served in the Carson City Jail. This sentence was to be served consecutively and in addition to his federal sentence.

1. Appellant contends he should receive credit on his state sentence for time served while in federal custody. However, in cases where consecutive sentences are involved, criminal defendants are not entitled to credit on state sentences for time spent in federal custody pending trial and sentencing on federal charges. See: Cox v. State, 522 P.2d 173 (Kan. 1974).

2. Appellant also contends the kidnapping and attempted robbery were incident to one criminal transaction and, thus, he should be subject to only one punishment. This contention is meritless because distinctly different crimes are involved. Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976). Further, appellant has violated the laws of two sovereigns and is punishable by both. Bartkus v. Illinois, 359 U.S. 121 (1959).

Affirmed.