566 P.2d 1142

**STATE of New Mexico, Petitioner,**

v.

**David Wadajo ROGERS, Respondent.**

No. 11322.

Supreme Court of New Mexico.

July 7, 1977.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for petitioner.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for respondent.

OPINION

FEDERICI, Justice.

On January 15, 1976, a branch of the First National Bank in Albuquerque was robbed of approximately $68,250.00. Dur-

ing the course of the robbery, two employees of the bank were required, at gunpoint and against their will, to return inside the bank after they had left the bank building for the day, and to telephone for the combination of the bank lock. Defendant Rogers was indicted and tried in the United States District Court for the District of New Mexico for violating certain provisions of 18 U.S.C. § 2113 (1970), relating to bank robbery. The jury found defendant not guilty of the federal charges. Subsequent to the federal court trial, the defendant was indicted, tried and convicted in the Bernalillo County District Court of New Mexico on two charges: (1) Receiving stolen property by disposing of it [§ 40A–16–11, N.M.S.A. 1953 (Supp.1975)]; and (2) Kidnapping [§ 40A–4–1, N.M.S.A.1953 (Supp.1975)].

Defendant has appealed his conviction from the state district court. The Court of Appeals affirmed the conviction of the crime of receiving stolen property, but reversed the conviction for kidnapping, holding that the acquittal on the federal charges barred the subsequent state prosecution for kidnapping on the grounds of judicial policy. *State v. Rogers,* 90 N.M. 673, 568 P.2d 199 (Ct.App.1977). We granted certiorari.

Defendant has claimed throughout these proceedings that the state prosecution for kidnapping and receiving stolen property amounts to double jeopardy in view of his acquittal on the federal charges of bank robbery. Defendant throughout has also contended that the New Mexico prosecutions were barred by the doctrine of collateral estoppel.

The only issue we consider here is whether defendant's acquittal of the federal charges relating to bank robbery bars the prosecution by the State of New Mexico of the kidnapping charge. We agree with the Court of Appeals in its affirmance of the state court conviction of the charge of receiving stolen property. We reverse the Court of Appeals in its ruling that the acquittal on the federal charges relating to bank robbery barred the subsequent state prosecution for kidnapping.

■ Defendant first argues that because he was acquitted in federal district court, the state prosecution violated the provisions of the United States and New Mexico Constitutions against double jeopardy. U.S. Const. amends. V, XIV; N.M.Const. art. II, § 15. Defendant's contention with regard to the double jeopardy provision of the United States Constitution, made applicable to the states in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), is without merit. The United States Supreme Court has consistently held that the federal constitution does not prohibit the prosecution of a defendant in both state and federal courts for criminal charges arising out of an alleged criminal activity. E. g., *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922); *Moore v. Illinois,* 55 U.S. (14 How.) 13, 14 L.Ed. 306 (1852); *Fox v. Ohio,* 46 U.S. (5 How.) 410, 12 L.Ed. 213 (1847). These cases rely upon the concept of separate sovereignties and hold that each government can determine what shall be an offense against its peace and dignity, thereby permitting each sovereign to prosecute regardless of what the other has done. Although there has been an erosion of some of the principles announced in *Bartkus v. Illinois,* supra, the United States Supreme Court has never reconsidered its position on the "dual sovereignty" doctrine, and in fact has refused opportunities to do so. *Martin v. Rose,* 481 F.2d 658 (6th Cir.), cert. denied, 414 U.S. 876, 94 S.Ct. 86, 38 L.Ed.2d 121 (1973), and cases cited therein.

We must now determine whether our N.M.Const. art. II, § 15 is subject to the dual sovereignty doctrine relied upon in *Bartkus v. Illinois,* supra, and *Abbate v. United States,* supra. This is a matter of first impression in New Mexico.

■ It is our conclusion that the dual sovereignty doctrine is applicable under the double jeopardy provision of the New Mexico Constitution. There is little to distinguish the language of our constitutional

prohibition against double jeopardy from that found in the federal constitution. N.M.Const. art. II, § 15, states: "nor shall any person be twice put in jeopardy for the same offense," while U.S.Const. amend. V, states: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Since the two provisions are so similar in nature, we are of the opinion that they should be construed and interpreted in the same manner. *Hall v. Commonwealth,* 197 Ky. 179, 246 S.W. 441 (1923); *State v. Hite,* 3 Wash.App. 9, 472 P.2d 600 (1970).

■ Furthermore, other states which have been presented with the issue of whether a defendant may be charged in state courts following a conviction or acquittal in federal court tend overwhelmingly to uphold the validity of consecutive prosecutions by separate sovereigns. Many states recognizing the dual sovereignty doctrine do so on the basis of an interpretation of double jeopardy provisions in both the state and federal constitutions. *Nance v. State,* 123 Ga.App. 410, 181 S.E.2d 295 (1971); *Hall v. Commonwealth,* supra; *State v. Castonguay,* 240 A.2d 747 (Me. 1968); *Bankston v. State,* 236 So.2d 757 (Miss.1970); *State v. Turley,* 518 S.W.2d 207 (Mo.App.1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975); *State v. Pope,* 190 Neb. 689, 211 N.W.2d 923 (1973); *State v. Cooper,* 54 N.J. 330, 255 A.2d 232 (1969), cert. denied, 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970); *Breedlove v. State,* 470 S.W.2d 880 (Tex.Cr.App.1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1512, 31 L.Ed.2d 808 (1972). Others rely on the federal constitution or merely cite *Bartkus* for the principle of dual sovereignty. *State v. Duncan,* 221 Ark. 681, 255 S.W.2d 430 (1953); *State v. Tiche,* 33 Conn.Sup. 51, 360 A.2d 135 (1976); *Richardson v. State,* Ind. App., 323 N.E.2d 291 (1975); *Bell v. State,* 22 Md.App. 496, 323 A.2d 677 (1974), cert. denied, 421 U.S. 1003, 95 S.Ct. 2405, 44 L.Ed.2d 672 (1975); *Crane v. State,* 555 P.2d 845 (Nev.1976); *State v. Fletcher,* 26 Ohio St.2d 221, 271 N.E.2d 567 (1971), cert. denied, 404 U.S. 1024, 92 S.Ct. 699, 30 L.Ed.2d 675 (1972); *Beard v. State,* Tenn.App., 485

S.W.2d 882 (1972); *State ex rel. Cullen v. Ceci,* 45 Wis.2d 432, 173 N.W.2d 175 (1970). Insofar as we can determine, only one state has held to the contrary. *People v. Cooper,* 398 Mich. 450, 247 N.W.2d 866 (1976). The law is well established in both federal and state courts that where the same act is prohibited by the laws of the separate jurisdictions, a prior acquittal or conviction by one sovereign does not necessarily operate as a bar to a subsequent prosecution for the same act or transaction by the other sovereign.

■ Finally, we are of the opinion that if there is to be a change in the dual sovereignty doctrine, public policy would dictate that such a change should be initiated by the Legislature. Numerous states have now enacted statutes which bar prosecution of a defendant on a charge for which he has previously been acquitted or convicted under the laws of the federal government or another state. See, e. g., Ariz.Rev.Stat. § 13–146 (1956); Cal.Penal Code § 656 (West 1970); Colo.Rev.Stat. § 18–1–303 (1974); Ill.Rev.Stat. ch. 38, § 3–4(c) (1974); Ind.Code § 35–41–4–5 (Supp.1976); Kan. Stat. § 21–3108(3) (1974); N.Y. [Crim.Proc.] Law § 139 (Consol.) (Cum.Supp.1967); N.D. Cent.Code § 29–03–13 (Repl. Vol. 5A, 1974); Okla.Stat. tit. 22, § 130 (1969); 18 Pa.Cons. Stat.Ann. § 111 (Purdon 1973); S.D. Compiled Laws Ann. §§ 22–5–8, 23–2–13 (1967). New Mexico's statute on double jeopardy does not provide such a bar. Section 40A–1–10, N.M.S.A.1953 (2d Repl. Vol. 6, 1972). In fact, the only specific statutory bar to consecutive federal-state prosecutions in New Mexico is found in our Controlled Substances Act. Section 54–11–27, N.M.S.A. 1953 (Supp.1975).

■ We are also of the opinion that defendant's contentions regarding double jeopardy have been set to rest in *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975), even though that case involved successive prosecutions in municipal and state district courts, and not consecutive prosecutions initiated by separate sovereigns. In *Tanton,* this court rejected the "same transaction"

test and approved instead the "same evidence" test which is stated as "whether the facts offered in support of one offense, would sustain a conviction of the other." Clearly, in the case at bar, the facts offered in support of the convictions of receiving stolen property and kidnapping are different from those facts offered in an attempt to convict defendant on the federal charges of bank robbery.

For the above reasons, and based on the record before us, we do not feel compelled on the basis of "judicial policy" to depart from a rule which has been adhered to for many years by both state and federal courts. We find no error in the conviction of defendant in the state courts of New Mexico for receiving stolen property by disposing of it and for kidnapping following his acquittal in the United States District Court on charges of bank robbery.

■ Defendant's claim that the New Mexico prosecution for kidnapping was barred by the doctrine of collateral estoppel was rejected by the Court of Appeals on the basis that there was no identity of parties. We reject defendant's argument for the same reason.

In *State v. Tijerina,* 86 N.M. 31, 33, 519 P.2d 127, 129 (1973), we stated that collateral estoppel [quoting from *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)]:

> * * * means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *between the same parties* in any future lawsuit. (Emphasis added.)

■ Thus, the application of collateral estoppel requires an identity of parties in the prior and subsequent litigation. In this case, the federal government is neither the same as nor in privity with the State of New Mexico. *United States v. Johnson,* 516 F.2d 209 (8th Cir.), cert. denied, 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *In re Hutul,* 54 Ill.2d 209, 296 N.E.2d 332 (1973); *Commonwealth v. Studebaker,* 240 Pa.Super. 37, 362 A.2d 336 (1976). Cf. *Maroney v. United States Fidelity and Guaranty Co.,* 81 N.M. 111, 464 P.2d 401 (1970).

For the reasons stated, we affirm the decision of the Court of Appeals with respect to the conviction of receiving stolen property by disposing of it, and reverse the decision of the Court of Appeals in its reversal of the conviction for kidnapping. This case is remanded with instructions to proceed in a manner consistent herewith.

IT IS SO ORDERED.

McMANUS, C. J., EASLEY, J., and SANTIAGO E. CAMPOS, District Judge, concur.

SOSA, J., dissenting.

SOSA, Justice, dissenting.

I respectfully dissent.

I agree with the analysis of the Court of Appeals and the majority with respect to the receiving conviction. The only issue I consider here is whether the defendant's acquittal of the federal charges bars the kidnapping prosecution by the state. The Court of Appeals upheld such a bar for the kidnapping charge on the grounds of judicial policy. I would reach the same result but for different reasons.

Defendant claims that the state prosecution for kidnapping after the acquittal of the federal charge of robbery amounts to double jeopardy. In *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975) we adopted the same evidence test in analyzing double jeopardy problems. We continue to uphold that test. In the case before us it is obvious that the evidence to convict someone of robbery is not the same as that required to convict him of kidnapping. Thus, assuming we were to adopt the policy that only one sovereign may prosecute the defendant for the same crime, the same evidence test in this case would not bar the state from prosecuting the defendant for kidnapping; rather, it would only bar the state from prosecuting the defendant for robbery.

However, the factual circumstances surrounding this case necessitate further analysis. The state stipulated that ". . .

to clarify and simplify the issues, . . . there was no rational basis for the federal jury's verdict other than the defendant was not present at the bank."[1] The state is bound by its stipulation. Since it stipulated to the fact that the federal jury could only have reached its verdict by finding that the defendant was not present at the bank, *a fortiori* the state must agree that the federal jury concluded that the defendant could not have kidnapped the two women outside of the bank also. In a civil case collateral estoppel would bar a redetermination of such a material fact by a second jury. In a criminal case similarly a redetermination of such a material fact is normally precluded. Cf. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Thus, in this case collateral estoppel would have barred the kidnapping charge based upon the state's stipulation and the federal jury's acquittal of robbery, assuming we only allow one prosecution by either the state or the federal government.

Thus, I now reach the central issue: may both the federal and state government prosecute and punish a defendant for the same crime? Should the concept of single prosecutions (or single determinations of material facts) be circumvented by the concept that each sovereignty may prosecute such crimes or determine such facts merely because it is a sovereign? The United States Supreme Court has held that the federal Constitution does not bar such double prosecutions. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). I, however, am unable to approve of such duplicate prosecutions in view of our double jeopardy clause, N.M.Const. art. II, § 15, and my feelings about basic fairness. To make a defendant face the manifold resources of two sovereigns and be tried twice for the

very same crime is tantamount to vexatious prosecution. I agree with the spirit of Black's dissent in *Bartkus v. Illinois,* 359 U.S. at 154–55, 79 S.Ct. 676. I would hold that the stipulation and the acquittal by the federal jury under the concept of collateral estoppel[2] would bar the kidnapping charge and conviction.

For the foregoing reasons I dissent from the majority's continued adherence to the concept of dual sovereignty.

---

1. Another obvious, rational basis for the federal jury's acquittal is that the prosecutor failed to convince the jury beyond a reasonable doubt as to each element of the federal crime of bank robbery.

2. Technically, collateral estoppel requires litigation between the same parties. Here the

parties were not the same (first the federal government versus the defendant; second, the state versus the defendant). However, the state and federal government should be treated as the same vis-a-vis a defendant with respect to prosecutions of the same crime.