ERNEST CHARLES TURNER, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 10043

August 9, 1978                                     583 P.2d 452

*William Dunseath,* Public Defender, Washoe County; and
*Ernest Charles Turner,* in *pro per,* for Appellant.

*Larry Hicks,* District Attorney, and *John L. Conner,* Deputy
District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant's counsel has filed a "no-merit" brief on behalf of
his client, *see* Sanchez v. State, 85 Nev. 95, 450 P.2d 793
(1969), claiming appellant's guilty plea was not voluntary, and

the prosecutor failed to abide by the terms of a plea bargain. These issues need not be decided. Appellant, in a separate in *pro per* application, has raised an issue which is dispositive and mandates reversal, to wit: his prosecution in Nevada after conviction in another sovereignty for the same crime was statutorily barred.

Prior to any proceeding in Nevada, appellant was convicted in Texas on unrelated charges. The federal government then brought appellant to Nevada to answer charges for bank robbery. The federal district court in Reno accepted appellant's guilty plea and sentenced him to another prison term. Thereafter, on application of the Washoe County prosecutor, the justices' court issued a writ of habeas corpus ad prosequendum, to obtain appellant from federal custody and prosecute him for armed robbery in Nevada.[1] Appellant pleaded guilty in district court, and was sentenced to consecutive ten-year terms for robbery, and use of a deadly weapon.

NRS 171.070 provides: "When an act charged as a public offense is within the jurisdiction of another state, territory or country, as well as of this state, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefor in this state." Under this section, a defendant may not be prosecuted after a prior conviction or acquittal "in another jurisdiction if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution." People v. Belcher, 520 P.2d 385, 390–391 (Cal. 1974); *cf.* Cal.Pen.Code § 656 (West 1970); Model Pen. Code § 1.11, Tentative Draft No. 5 (1956).[2]

Accordingly, the judgment is reversed.

---

[1] We need not decide whether the justices' court had authority to issue such a writ. *Compare* Nev. Const. art. 6, § 8; *with* Nev. Const. art. 6, § 4; art. 6, § 6; *see also* NRS 34.380(1); *cf.* R. v. Whitmer, In and For Salt Lake County, 515 P.2d 617 (Utah 1973); State v. Lackey, 257 P.2d 849 (Okl.Crim. 1953).

[2] Due to the statutory prohibition we therefore need not decide whether under Nevada Const. art. 1, § 8, such multiple prosecution for the same offense violates double jeopardy principles. *Compare* Bartkus v. Illinois, 359 U.S. 121 (1959); [*and*] Crane v. State, 92 Nev. 593, 555 P.2d 845 (1976); *with* Commonwealth v. Mills, 286 A.2d 638 (Pa. 1971); [*and*] People v. Cooper, 247 N.W.2d 866 (Mich. 1976); [*and*] State v. Hogg, 385 A.2d 844, 23 Cr. L. 2161 (N.H. 1978).