96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis McDONALD and Maurice Mondie, Defendants-Appellants.
 No. 95-6001, 95-6348.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 PER CURIAM.
 
 
 1
 Curtis McDonald and Maurice Mondie were among fifteen defendants indicted on November 21, 1994 on charges of drug trafficking and money laundering. McDonald and Mondie filed motions to dismiss their respective indictments on double jeopardy grounds. This court AFFIRMS the denial of these motions.
 
 
 2
 Pursuant to a search warrant, government officials seized $65,099.00 from Mondie's apartment. In a different investigation, agents seized $100,375 from McDonald's brother at Memphis International Airport following suspicious travel arrangements. McDonald explained to the agents that the money represented his winnings at the dog track and that he had asked his brother to take the money to Houston to purchase cars.
 
 
 3
 The government filed civil forfeiture complaints against the $65,099.00 and the $100,375 pursuant to 21 U.S.C. § 881(a)(6). On May 1, 1994, Mondie and the government entered into a consent order of forfeiture of his currency. A default judgment was taken against McDonald's money on June 23, 1994.[1] Moreover, upon McDonald's arrest, his Toyota 4Runner, two cellular telephones, and $5405 were seized pursuant to Tennessee's forfeiture statute.
 
 
 4
 Both McDonald and Mondie argue that the civil forfeitures, under the Double Jeopardy Clause, bar criminal prosecution that is based on the same conduct. This court, however, in United States v. Salinas, 65 F.3d 551, 553 (6th Cir.1995), explicitly held that "forfeiture ... [of] drug proceeds under 21 U.S.C. § 881(a)(6) did not constitute punishment." The Supreme Court has since confirmed that civil forfeitures are generally not considered "punishment" in a double jeopardy analysis. United States v. Ursery, 116 S.Ct. 2134 (1996). These recent decisions, which cannot be distinguished from the cases at bar, have effectively short-circuited these appeals.
 
 
 5
 McDonald's second argument implies that successive forfeitures by state and federal authorities constitute double jeopardy. The doctrine of dual sovereignty precludes McDonald's claim. It has long been held that the Double Jeopardy Clause does not prohibit successive prosecutions by dual sovereignties; that is, the courts have permitted consecutive federal and state prosecutions and convictions of defendants for crimes arising from the same transaction. Abbate v. United States, 359 U.S. 187, 196 (1959) ("The conclusion is therefore compelled that the prior [state] conviction of the petitioners did not bar the instant federal prosecution."); United States v. Davis, 906 F.2d 829, 832 (2d Cir.1990) ("Successive prosecution will be barred [only] where one prosecuting sovereign can be said to be acting as a 'tool' of the other, or where one prosecution is merely 'a sham and a cover' for another.") (citing Bartkus v. Illinois, 359 U.S. 121 (1959)). McDonald has not presented any evidence that the state forfeiture proceeding was a "sham" proceeding or that the state authorities were "tools" for the federal prosecutors. While the effects of multijurisdictional drug task force cases on defendants' double jeopardy rights have enjoyed some play in academic literature, see, e.g., Sandra Guerra, The Myth of Dual Sovereignty: Multijurisdictional Drug Law Enforcement and Double Jeopardy 73 N.C.L.REV. 1159 (1995), there is no evidence that the federal courts would reconsider this time-honored policy. See United States v. Louisville Edible Oil Prods., Inc., 926 F.2d 584, 587 (6th Cir.), cert. denied, 502 U.S. 859 (1991); Martin v. Rose, 481 F.2d 658, 660 (6th Cir.), cert. denied, 414 U.S. 876 (1973).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 While McDonald had filed an initial claim to the money, his counsel failed to answer interrogatories, necessitating the default judgment. McDonald appealed to this court, United States v. $100,375 in U.S. Currency, 70 F.3d 438 (6th Cir.1995), which upheld the default judgment