This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                    **No. 35,630**

**KELVIN DICKERSON**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelley, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Following a plea agreement, Defendant Kelvin Dickerson appeals from his judgment and sentence, raising double jeopardy and sentencing issues. We issued a notice of proposed summary disposition, proposing to affirm in part, and proposing to reverse and remand in part. Defendant and the State filed responses to our notice of proposed disposition, which we have duly considered. Consistent with our notice of proposed disposition, we find no double jeopardy violation and affirm Defendant's convictions, and we reverse the designations of the kidnapping convictions and child abuse conviction as serious violent offenses and remand for additional fact finding.

{2}     **Issue 1:**     In our notice of proposed summary disposition, we considered Defendant's argument that the district court erred in denying his motion to dismiss based on the New Mexico Constitution's prohibition against double jeopardy. [CN 1-2] We acknowledged Defendant's arguments that the federal and state government may not prosecute and punish him for the same crimes, because to do so, is a violation of double jeopardy. [CN 2] However, we stated that "[t]he law is well established in both federal and state courts that where the same act is prohibited by the laws of the separate jurisdictions, a prior acquittal or conviction by one sovereign does not necessarily operate as a bar to a subsequent prosecution for the same act or transaction by the other sovereign." *State v. Rogers*, 1977-NMSC-057, ¶ 8, 90 N.M. 604, 566

P.2d 1142. [CN 2] Therefore, we suggested that we were not persuaded by Defendant's double jeopardy arguments. [CN 2]

{3}     In response, the State agrees that the district court did not err in denying Defendant's motion to dismiss based on double jeopardy principles. [S Response 1] Defendant, on the other hand, maintains his double jeopardy arguments in his memorandum in opposition. [D MIO 2-6] In response to our notice of proposed disposition, Defendant contends that the "dual sovereignty" exception to double jeopardy is no longer recognized in New Mexico. [D MIO 2] He claims that our Supreme Court has abrogated its reasoning in *Rogers*, and therefore, that opinion is no longer applicable. [D MIO 2-3] Moreover, Defendant urges this Court to follow the original Court of Appeals decision in *State v. Rogers*, 1977-NMCA-019, 90 N.M. 673, 568 P.2d 199, which was reversed in part by the New Mexico Supreme Court in *Rogers*, 1977-NMSC-057. [D MIO 3] He also relies on the evolving double jeopardy jurisprudence to support this assertion. [D MIO 2-6] Defendant asks this Court to assign this appeal to the general calendar, or in the alternative, to certify this appeal to the New Mexico Supreme Court. [D MIO 5-6]

{4}     We are not persuaded that *Rogers*, 1977-NMSC-057 has been abrogated, or even negatively impacted, by recent double jeopardy jurisprudence. Additionally, we

3

decline Defendant's invitation to certify this appeal to the New Mexico Supreme Court. Therefore, we affirm Defendant's convictions.

{5}     **Issue 2:**     In our notice of proposed disposition, we proposed to conclude that the district court's failure to make findings regarding the nature of the offenses or the resulting harm requires that we reverse and remand for additional fact finding, pursuant to *State v. Morales*, 2002-NMCA-016, 131 N.M. 530, 39 P.3d 747, *abrogated on other grounds by State v. Frawley*, 2007-NMSC-057, ¶ 36, 143 N.M. 7, 172 P.3d 144. [CN 2-5] In response, the State notes that it does not oppose this Court's proposal for a limited remand. [S Response 1] Defendant's memorandum in opposition does not address this issue. [*See generally* D MIO]

{6}     For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm Defendant's convictions, reverse the designations of the kidnapping convictions and child abuse conviction as serious violent offenses, and remand for additional fact finding.

{7}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

5