450 P.2d 194

**UNIVERSAL C. I. T. CORPORATION, Plaintiff-Appellant,**

v.

**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Defendant-Appellee.**

**No. 8666.**

Supreme Court of New Mexico.

Feb. 3, 1969.

Rosenberg & Blenden, Carlsbad, for plaintiff-appellant.

McCormick, Lusk, Paine & Feezer, Michael F. McCormick, Carlsbad, for defendant-appellee.

## OPINION

COMPTON, Justice.

The plaintiff, holder of a chattel mortgage on a motor vehicle insured by the defendant, brought this action pursuant to the terms of a loss payable clause in the insurer's policy for damages resulting from the destruction of the vehicle. The case was tried without a jury; judgment was entered in favor of the defendant, and the plaintiff appeals.

The findings of fact are not challenged. Norman Bowman had purchased the automobile for the benefit of Jimmy Don Bowman, his seventeen year old cousin, a student, living with him during the school year 1965–1966, as a means of transportation to and from school and to his work after school. Norman Bowman purchased the vehicle and took title in his name. He alone was liable on the note securing the conditional sales agreement on the automobile.

Appellee's agent with full knowledge that Norman Bowman was the owner of the automobile issued its policy to Jimmy Don Bowman. The agent also knew that Jimmy Don Bowman had no pecuniary interest in the vehicle. A condition of the policy, however, provided that knowledge possessed by the agent would not estop the company from asserting a lack of insurable interest in the named insured.

In May or June 1966, the school year having ended, Jimmy Don Bowman no longer used the vehicle. He turned it back to Norman Bowman and returned to the State of Washington to live with his father. He had no intention of ever using the automobile again. In July 1966, the automobile was totally wrecked in a one car accident while being driven by a party who had possession of the vehicle with the permission of Norman Bowman for the purpose of "trying it out" as a prospective buyer.

Appellant attacks the court's conclusion. The court concluded that Jimmy Don Bowman had no insurable interest in the automobile. It is argued that Jimmy Don Bowman, the named insured, had an insurable interest in the automobile by virtue of the fact that he might incur liability because of his operation or use of it, citing Western Casualty & Surety Company v. Herman, 318 F.2d 50, 1 A.L.R.3d 1184 (8th Cir. 1963); Aetna Casualty & Surety Company v. St. Paul Fire & Marine Company, 236 F.Supp. 289, aff'd, 357 F.2d 315 (10th Cir. 1966), in support of its position. We think these cases, as well as Fulwiler v. Traders & General Insurance Company, 59 N.M. 366, 285 P.2d 140, also relied on by appellant, are easily distinguishable on their facts. Fulwiler v. Traders & General Insurance Company, supra, was a case where an assignee of a purchaser of an automobile on a conditional sales contract was substituted as insured for the original purchaser. Thereafter when the original purchaser repossessed the automobile without releasing the insured but was not substituted as insured, and the automobile was damaged, it was held that the named insured had an insurable interest because he had not been released of his liability on his purchase contract. We there adopted the following definition of "insurable interest" from Harrison v. Fortlage, 161 U.S. 57, 65, 16 S.Ct. 488, 490, 40 L.Ed. 616, 619 (1896):

"* * * It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself. * * *"

When the insured voluntarily abandoned the use of the vehicle, his insurable interest, if any, ceased to exist. An insurable interest must exist at the time of loss. Galati v. New Amsterdam Casualty Company, 381 S.W.2d 5 (Mo.App., 1964); 6 Blashfield, Cyc. of Automobile Law (Perm.Ed.1945) 136, § 3505; 4 Appleman, Ins. L. & P. (1941) 19, § 2122. Where it may reasonably be done, it is our duty to liberally construe the findings of the court in such manner as to sustain the judgment

entered thereon. Plains White Truck Company v. Steele, 75 N.M. 1, 399 P.2d 642; Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131. When all of the findings made by the court are considered together, the conclusion that the named insured had no insurable interest in the subject matter clearly rests on an ample foundation. Compare Galvan v. Miller, 79 N.M. 540, 445 P.2d 961; Thompson v. H. B. Zachry Co., 75 N.M. 715, 410 P.2d 740. There was no contractual obligation between Jimmy Don Bowman with anyone. He could not have suffered loss by its destruction. He had no interest in the vehicle and he lost nothing.

The judgment should be affirmed.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.