THE STATE OF OHIO, APPELLANT, *v.* FLETCHER, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* FLETCHER ET AL.,
APPELLEES.

[Cite as State v. Fletcher (1971), 26 Ohio St. 2d 221.]

(Nos. 70-559 and 70-560—Decided June 23, 1971.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Dennis J. McGuire,* for appellant.

*Mr. Henry S. Golland,* for appellee Michael Fletcher.

*Mr. Gerald A. Messerman,* for appellee Willie Walker.

CORRIGAN, J. This appeal by the state brings before us for decision the question whether the conviction or acquittal of a defendant in a federal court on charges of violation of federal law is a bar to criminal prosecution in a state court for violation of state statutes where both prosecutions relate to and arise from the same criminal acts.

As specifically raised herein, the question is whether the prosecution of defendants in a federal court for violation of Section 2113, Title 18, U. S. Code, forecloses prosecution of defendants in our courts for the same acts which are in violation of R. C. 2907.141.

*Bartkus* v. *Illinois* (1959), 359 U. S. 121, is squarely in point on this issue. It was there held that the defendant who was tried and acquitted in federal court for violation of Section 2113, Title 18, U. S. Code, could be subsequently prosecuted in an Illinois state court on the same evidence for violation of Illinois penal law and that such prosecution did not constitute violation of due process under the Fourteenth Amendment to the United States Constitution.

In reaching its decision in *Bartkus,* the Supreme Court held that the provision of the Fifth Amendment prohibiting double jeopardy did not apply to the states. It also recognized that successive federal and state prosecutions for the same criminal acts were permissible under the "two-sovereignty" rule.

Justice Frankfurter, in describing the development of the "two-sovereignty" rule in *Bartkus,* stated, at page 129:

"While *United States* v. *Lanza,* 260 U. S. 377, was the first case in which we squarely held valid a federal prosecution arising out of the same facts which had been the basis of a state conviction, the validity of such a prosecution by the federal government has not been questioned by this court since the opinion in *Fox* v. *Ohio,* 5 How. 410, more than one hundred years ago.

"In *Fox* v. *Ohio* argument was made to the Supreme Court that an Ohio conviction for uttering counterfeit money was invalid. This assertion of invalidity was based in large part upon the argument that since Congress had imposed federal sanctions for the counterfeiting of money, a failure to find that the Supremacy Clause precluded the states from punishing related conduct would expose an individual to double punishment. Mr. Justice Daniel, writing for the court (with Mr. Justice McLean dissenting), recognized as true that there was a possibility of double punishment, but denied that from this flowed a finding of pre-emption, concluding instead that both the federal and state governments retained the power to impose criminal sanctions, the United States because of its interest in protecting the purity of its currency, the states because of their interest in protecting their citizens against fraud.
"* * *

"The process of this court's response to the Fifth Amendment challenge was begun in *Fox* v. *Ohio,* continued in *United States* v. *Marigold,* 9 How. 560, and was completed in *Moore* v. *Illinois,* 14 How. 13. Mr. Justice Grier, writing for the court in *Moore* v. *Illinois,* gave definitive statement to the rule which had been evolving:

" 'An offence, in its legal signification, means the transgression of a law.' 14 How., at 19.

" 'Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both.' 14 How., at 20.

" 'That either or both may (if they see fit) punish

such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other.' *Ibid.*

"In a dozen cases decided by this court between *Moore* v. *Illinois* and *United States* v. *Lanza*, this court had occasion to reaffirm the principle first enunciated in *Fox* v. *Ohio*. Since *Lanza* the court has five times repeated the rule that successive state and federal prosecutions are not in violation of the Fifth Amendment. Indeed Mr. Justice Holmes once wrote of this rule that it 'is too plain to need more than statement.' * * *''

*Bartkus* has not been overruled. Both courts below, however, determined that the *Bartkus* decision has been so eroded by subsequent Supreme Court rulings that it should no longer be followed. In choosing not to follow *Bartkus* both the trial court and Court of Appeals also refused to follow this court's holding in *State* v. *Shimman* (1930), 122 Ohio St. 522, that "the same act may be punishable by the federal government, by a state and by a municipality, if each such sovereignty has a separate law punishing such an offense * * *.''

The trial court, after noting in its opinion that the court in *Bartkus* had refused to apply the Fifth Amendment double-jeopardy provision to the states, proceeded to hold that in view of the application to the states of other rights contained in the first eight amendments by the Supreme Court after *Bartkus* the double-jeopardy clause of the Fifth Amendment should also be made applicable to the states through the due process clause of the Fourteenth Amendment. In addition, the trial court concluded that the "two-sovereignty" rule approved in *Bartkus* should no longer be followed.

By the time this appeal reached the Court of Appeals the Supreme Court handed down *Benton* v. *Maryland* (1969), 395 U. S. 784, which held, as did the trial court

here, that the double-jeopardy prohibition of the Fifth Amendment is enforceable against the states through the Fourteenth Amendment.

As to the present status of the "two-sovereignty" rule recognized in *Bartkus,* the Court of Appeals in its opinion concluded that, in light of the holding in *Murphy* v. *Waterfront Commission* (1964), 378 U. S. 52, the effect of which was to eliminate the "two-sovereignty" rule as applied to self-incrimination, the "two-sovereignty" rule has been abolished.

It is apparent that in holding that the "two-sovereignty" rule now lacks vitality both courts below refused to follow the law expressed in *Bartkus* and reached their conclusions upon predictions of what the Supreme Court would now hold if a case such as this were presented to it for decision.

Courts in this state are not expected to render decisions on any shamanesque blending of periphrasis, clairvoyance, speciosity and anticipation as to what the United States Supreme Court will decide in *futuro* on a given factual situation. We are bound to follow the guidelines which that court has set up on facts involving federal constitutional questions, and this we will do. If the United States Supreme Court specifically overrules *Bartkus* on the dual-sovereignty concept enunciated therein, then this court will follow such new ruling in our decisions. Until then, we will adhere to *Bartkus.* Clearly, *Benton* did not change the dual-sovereignty principle of *Bartkus.*

*Waller* v. *Florida* (1970), 397 U. S. 387, is somewhat instructive on this question. That case was concerned with "the asserted power of * * * two courts within one state to place * * * [a defendant] on trial for the same alleged crime." The court there found that *Grafton* v. *United States* (1907), 206 U. S. 333, was controlling, noting that *Grafton* held that "a prosecution in a court of the United States is a bar to a subsequent prosecution in a territorial court, since both are arms of the same sovereign." (397 U. S. 393.)

In the opinion by Chief Justice Burger it was stated, at page 394: "Thus *Grafton*, not *Fox* v. *Ohio, supra,* or its progeny, *Bartkus* v. *Illinois*, * * * controls, and we hold that * * * petitioner could not lawfully be tried both by the municipal government and by the State of Florida. In this context a 'dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution."

As noted in *Waller*, municipalities are "subordinate instrumentalities" of the state, while here we are concerned with separate sovereign entities, a state and the federal government. However, by its statement that *Bartkus* was not controlling in the circumstances appearing in *Waller* the Supreme Court recognized inferentially that *Bartkus* retains vitality in its sphere of operation.

Thus, *Bartkus* remains the law. As the Supreme Court of Wisconsin stated in *State, ex rel. Cullen,* v. *Ceci* (1970), 45 Wis. 2d 432, 457, 173 N. W. 2d 175:

"We can only say that our law has not yet concluded that punishment by separate sovereignties for the same act constitutes double jeopardy. While *Benton* v. *Maryland* (1969), 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707, reversed *Palko* v. *Connecticut* (1937), 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288, and a *state* now may not twice place a defendant in jeopardy for a single crime, significantly, *Bartkus* v. *Illinois* (1959), 359 U. S. 121, 79 S. Ct. 676, 3 L. Ed. 2d 684, was not reversed; and as federal law now stands, a defendant may be placed in jeopardy for the same crime by separate state and federal prosecutions."

We conclude that it is premature to hold that *Bartkus* is of no further effect. To the contrary, *Bartkus* remains valid in respect to the facts presented here and governs the disposition of this appeal.

Although from the foregoing it is apparent that the result we reach here is dictated by *Bartkus,* we are of the opinion that the power of a state to prosecute under state law for the same act a defendant who has already been

prosecuted under federal law satisfies a legitimate state interest in preserving "the historic right and obligation of the states to maintain peace and order within their confines." *Bartkus* v. *Illinois, supra* (359 U. S., at 137).

We therefore hold that the conviction or acquittal of a defendant in a federal court on charges of violation of federal law is not a bar to criminal prosecution in Ohio courts for violation of Ohio penal statutes, where both prosecutions relate to and arise from the same criminal acts.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.

LEACH, J., concurring. The double-jeopardy principle, if applied to prohibit prosecutions by the state where prosecution had been had by the federal government, would also prohibit prosecutions by the federal government where the state had prosecuted for the same acts. It cannot logically be applied to only one side of the coin.

Even defense counsel, in oral argument, conceded that the principle of double jeopardy should not be a bar to prosecution by the other sovereign in *all* cases; that where the other sovereign had a "separate interest" to be protected, successive prosecutions by the two sovereigns would be permissible. Where the respective legislative bodies of the two sovereigns choose to enact legislation it follows that they have thus determined that the sovereign, as to which they speak, has such a "separate interest."