**RUMPKE ROAD DEVELOPMENT CORPORATION et al., Appellants,**

v.

**UNION TOWNSHIP BOARD OF TRUSTEES, Appellee.**

[Cite as *Rumpke Rd. Dev. Corp. v. Union Twp. Bd. of Trustees* (1996), 115 Ohio App.3d 17.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–04–040.

Decided Oct. 28, 1996.

*Barrett & Weber, C. Francis Barrett* and *M. Michele Fleming,* for appellants.

*Shroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere;* and *John R. Meckstroth, Jr.,* for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiffs-appellants, the Rumpke Road Development Corporation and the Coolock Corporation, Trustee, among others, appeal summary judgment in favor of defendant-appellee, the Union Township Board of Trustees, on appellants' complaint for a declaratory judgment. The trial court determined that application of the Union Township Zoning Resolution to appellants' property was not unconstitutional.[1]

Union Township adopted a zoning resolution in 1959. Appellants currently own undeveloped property on the east and west sides of Rumpke Road in Union Township. Appellants' two combined adjacent parcels total 215.53 acres. Of that, 169.53 acres are zoned "R-1," and forty-six acres are zoned "S-1" under the Union Township Zoning Resolution ("zoning resolution"). Land zoned R-1 provides for single family detached homes with a minimum lot area of twenty thousand square feet. The S-1 category provides for single family detached homes with a minimum lot area of two acres.

On July 9, 1993, appellants filed a proposed amendment to the zoning resolution to redesignate their combined acreage as an "R-4" zone. Reclassification of the property under the R-4 designation would allow appellants to develop the property for apartments, condominiums, attached townhouses, and detached houses with lots smaller than 20,000 square feet.[2]

---

1. Appellants originally filed two complaints for judgment declaring the zoning resolution unconstitutional as applied to their property. The plaintiffs named in the first complaint, case No. 94CV0526, were the Rumpke Road Development Corporation, Dorothy M. Bainum, William D. Bainum, Alberta M. Kluba, Ralph S. Puening, Betty G. Snider, Carl E. Rumpke, and Vivian C. Rumpke. The plaintiffs named in the second complaint, case No. 94CV0527, were the Coolock Corporation, Trustee, and Rumpke Road Development Corporation. The trial court consolidated the two cases on August 14, 1995.

2. Appellants' development plan specifically called for the construction of twenty-eight twenty-thousand-square-foot minimum lots, ninety-three twelve-thousand-square-foot minimum lots, fifty-six ten-thousand-square-foot minimum lots, forty-eight single family attached town

On August 9 and 16, 1993, the Union Township Zoning Commission held public hearings on appellants' zoning amendment request. At the conclusion of the August 16 meeting, the zoning commission recommended that the proposed amendment be denied. The Union Township trustees held a public meeting on September 21, and adopted the zoning commission's recommendation to reject the proposed amendment.

On August 8, 1994, appellants filed a complaint in the Clermont County Court of Common Pleas seeking a declaration that the zoning resolution, as applied, amounted to a "regulatory taking of the subject property under Section 19, Article I of the Ohio Constitution, and the Fifth and Fourteenth Amendments of the Constitution of the United States." [3] On July 14, 1995, appellee filed a motion for summary judgment along with an affidavit by Lois Ellison, the Union Township Zoning Director. Appellants filed a memorandum opposing summary judgment with attached affidavits from three real estate professionals.

The trial court subsequently granted appellee's motion for summary judgment. The court reasoned in its March 1, 1996 decision "that to attack a zoning resolution upon a Constitutional basis[,] the property owner must establish beyond fair debate that the zoning ordnance [*sic*] restricting the use of their land fails to advance a legitimate governmental interest *and* that such zoning classification denies an economically viable use of the zoned property." (Emphasis added.) The trial court determined that appellants did not establish the existence of any issue of fact that the zoning resolution did not advance a legitimate governmental interest, and that reasonable minds could only come to a conclusion adverse to appellants in that regard.

Appellants argue on appeal that the lower court could not properly determine as a matter of law that the existing zoning scheme was constitutional as applied to their property. The appellants set forth the following two assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of plaintiffs-appellants by granting summary judgment in favor of defendant-appellee on both state and federal constitutional claims."

Assignment of Error No. 2:

---

homes, and one hundred and eighty apartment/condominium units in twelve separate buildings.

3. Appellants also filed a separate administrative appeal with the common pleas court. That administrative appeal is not presently before this court.

"The trial court erred to the prejudice of plaintiffs-appellants by granting summary judgment in favor of defendant-appellee."

■ Appellants specifically complain under their first assignment of error that the trial court erred in granting summary judgment on their federal constitutional claim. Appellants argue that under the Fifth Amendment to the United States Constitution, land use regulations may constitute a "taking" if the regulations serve no legitimate public interest *or* if the regulations deny the landowner of all economically viable use of their property. Appellants therefore insist that the trial court could not grant summary judgment on their federal claim unless it determined *both* that no genuine issue of material fact existed as to the legitimate public interest of the zoning resolution *and* that application of the resolution deprived appellants of all economically viable use of their property.

The Ohio Supreme Court has held that a party challenging the constitutionality of a zoning ordinance "must prove, beyond fair debate, *both* that the enactment deprives him or her of an economically viable use *and* that it fails to advance a legitimate governmental interest." (Emphasis added.) *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533. The Supreme Court made clear that this two-pronged test is "conjunctive." *Id.* at 227–228, 638 N.E.2d at 537–538. The Ohio Supreme Court recently reaffirmed this conjunctive test in *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 584, 653 N.E.2d 639, 642–643.

The United States Supreme Court, however, has consistently applied a disjunctive test in determining whether land use regulations are constitutional under the takings clause of the Fifth Amendment to the United States Constitution. In *Agins v. Tiburon* (1980), 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106, 112, the Supreme Court stated that "[t]he application of a general zoning law to particular property effects a taking if the ordinance does not substantially advance legitimate state interests, *or* denies an owner economically viable use of his land." (Citations omitted and emphasis added.)

In *Lucas v. South Carolina Coastal Council* (1992), 505 U.S. 1003, 1015, 112 S.Ct. 2886, 2893–2894, 120 L.Ed.2d 798, 812–813, the Supreme Court, citing *Agins,* reaffirmed the disjunctive nature of the applicable test. In *Lucas,* the court described "two discrete categories of regulatory action as compensable *without case-specific inquiry into the public interest advanced in support of the restraint* [:] * * * regulations that compel the property owner to suffer a physical 'invasion' of his property[,] * * * [and] *regulation [that] denies all economically beneficial or productive use of land.*" (Emphasis added.) *Id.* at 1015, 112 S.Ct. at 2893, 120 L.Ed.2d at 812–813. The Supreme Court held that "when the owner of real property has been called upon to sacrifice *all* economically beneficial uses in the name of the common good, that is, to leave his property

economically idle, he has suffered a taking." (Emphasis *sic.*) *Id.* at 1017, 112 S.Ct. at 2895, 120 L.Ed.2d at 815.

After reviewing *Lucas* and *Agins*, it is clear to this court that the United States Supreme Court employs a disjunctive approach when considering whether land use regulation constitutes a taking under the Fifth Amendment. Significantly, the property owner in *Lucas* did not even challenge the reasonableness of the land use regulation at issue; the theory of his case rested *entirely* upon his argument that he was entitled to compensation because the regulation denied him all "economically viable use" of his land. *Id.* at 1020, 112 S.Ct. at 2896, 120 L.Ed.2d at 816.

The Ohio Supreme Court did not explicitly refer to the takings clause of the Fifth Amendment when it adopted its conjunctive test in *Gerijo*. This court presumes, however, that the majority in *Gerijo* and *Cent. Motors Corp.* must have considered federal constitutional issues, because Justice Pfeifer cited *Agins* in his dissent in *Gerijo*, and Justice Wright cited *Lucas* in his concurring opinion in *Cent. Motors Corp.*

The apparent conflict between the conjunctive test adopted in *Gerijo* and the disjunctive test employed in *Agins* and *Lucas* places this court in a difficult position. On one hand, state courts are bound to follow guidelines which the United States Supreme Court has set up on facts involving federal constitutional questions. *State v. Fletcher* (1971), 26 Ohio St.2d 221, 225, 55 O.O.2d 464, 466, 271 N.E.2d 567, 569–570, see, also, *Jordon v. Gilligan* (C.A.6, 1974), 500 F.2d 701 (United States Supreme Court decisions rendered by written opinion are binding on all courts, state and federal). On the other hand, this court has no authority to overrule the Ohio Supreme Court and is, accordingly, "bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled." *Schlachet v. Cleveland Clinic Found.* (1995), 104 Ohio App.3d 160, 168, 661 N.E.2d 259, 264, quoting *Sherman v. Millhon* (June 16, 1992), Franklin App. No. 92AP–89, unreported, 1992 WL 142368.

After much consideration, this court will follow the Ohio Supreme Court's judgment in *Gerijo*. This court, however, expressly invites the Supreme Court to reconsider its decision in *Gerijo*, or explain why the conjunctive test adopted in *Gerijo* is not in conflict with the United States Supreme Court's decisions in *Agins* and *Lucas*. Appellants' first assignment of error is overruled.

Appellants argue under their second assignment of error that genuine issues of material fact exist as to whether application of the zoning resolution denies them all economically viable use of their property, and whether the zoning resolution serves a legitimate public interest. As noted above, the common pleas

court did not consider whether the zoning resolution, as applied, denied appellants of all economically viable use of their property.

The court did conclude that the zoning resolution did serve a legitimate public interest. Under the conjunctive test adopted by the Ohio Supreme Court in *Gerijo*, the trial court only had to determine that no question of fact existed on one of the two prongs. Thus, this court need only determine whether or not the trial court erred in concluding as a matter of law that the zoning resolution serves a legitimate public interest.

Civ.R. 56(C) provides in part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The party seeking summary judgment must initially identify those elements of the nonmoving party's case which do not raise genuine issues of material fact and upon which the moving party is entitled to judgment as a matter of law. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth *specific facts* showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis added.) *Id.*

Appellee came forward with evidence that the zoning resolution serves a legitimate governmental interest as an attempt to preserve and protect the character of the area in question. Zoning Director Ellison attached to her affidavit the pertinent sections of the zoning resolution. The zoning resolution itself expresses a desire to control indiscriminate development. Ellison also attached a copy of the "Union Township Clermont County, Ohio Land Development Plan 2015," which had been revised in 1994. That development plan specifically addressed the portion of the district in which appellants' tract lies, and recommended the maintenance of "density of development to that which is permitted by the existing zoning." Ellison also attached the zoning commission file that she maintained on appellants' request for a zoning amendment. That file contained, among other things, letters from township residents who opposed amending the zoning resolution.

Appellants argue that the common pleas court erred in considering the three exhibits Ellison attached to her affidavit. The only objection before the lower court, however, concerned statements made by township residents in letters to the zoning authority. Appellants argued that the statements were hearsay and could not be considered. This court, however, is not convinced that the letters were introduced for the truth of the matters asserted therein. See Evid.R. 801(C). Moreover, the inclusion of letters from residents in Ellison's file certainly did not preclude the common pleas court from considering her other two attached exhibits.

With Ellison's affidavit and supporting exhibits, appellee identified an element of appellants' case that does not raise a genuine issue of material fact. Appellants, however, did not meet their "reciprocal burden" to set forth *specific facts* demonstrating that a "triable issue of fact" existed in that regard.[4] Under these circumstances, the common pleas court could properly conclude that the zoning resolution served a legitimate public interest as a matter of law. Appellants' second assignment of error is overruled.

*Judgment affirmed.*

WALSH, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The majority has felt compelled to follow the law set forth by the Ohio Supreme Court in *Gerijo*, which held that both prongs of the *Columbia Oldsmobile*[5] test must be proven by the property owner challenging the validity of a zoning resolution. The federal constitutional issue in this cause was before the Supreme Court in *Gerijo*, but it was not addressed in the opinion. The constitutional issue was only addressed in a dissenting opinion.

As noted by the majority, the supreme law of the land was enunciated by the United States Supreme Court. Clearly, that court has held that the party attacking a zoning ordinance need establish only one of the prongs of the *Columbia Oldsmobile* test in order to prevail and prove the ordinance was constitutionally invalid.

---

4. Appellants point out that developer John R. Sansalone stated in an affidavit that development under the existing zoning "would be contrary to the principles of land planning and would be harmful to the public health, safety and welfare." Sansalone's conclusory statement in this regard is insufficient to raise a genuine issue of material fact.

5. *Columbia Oldsmobile, Inc. v. Montgomery* (1990), 56 Ohio St.3d 60, 564 N.E.2d 455.

Contrary to the position of the majority, I believe that this court is not bound by *Gerijo*, since the state Supreme Court has not decided the constitutional issue involved in this cause. This court is free to rule upon the constitutionality of the zoning resolution as it affects appellant in this cause and in the same manner as we have previously held, to wit, the *Columbia Oldsmobile* test must be applied in the disjunctive.

The trial court, relying on *Gerijo*, considered only appellee's motion for summary judgment, which it found well taken. The majority affirms the trial court's ruling that the zoning resolution serves a legitimate governmental purpose.

The court herein finds that appellant failed to respond or attempt to rebut appellee's evidence. By the same token, if the disjunctive interpretation of *Columbia Oldsmobile* test is applied based upon the record in this case, a decision in favor of appellant is required. Given that appellant did not rebut the evidence presented by the township, the record also shows that appellee did not submit specific facts or any facts to rebut the evidence presented by appellant and failed to offset the evidence establishing that the zoning resolution left the property owner without an economically viable use of his land.

Since the authority of the Supreme Court is the supreme law of the land, I believe this court must follow its pronouncement and our opinion would be easily distinguished from *Gerijo*. This court should, pursuant to App.R. 12(C), enter a judgment for appellant. Since my brothers are not convinced, I must dissent.