Appellant, Archie Wilson, appeals summary judgment in favor of appellees, Trustees of Union Township, Clermont County, Ohio, on appellant's complaint for declaratory judgment. The Clermont County Court of Common Pleas determined that appellant failed to set forth sufficient evidence demonstrating that a contested zoning ordinance was unconstitutional. We affirm the trial court's grant of summary judgment.
Appellant entered into an option contract to purchase approximately twenty-two acres of land located at Ogle Lane and Gardner Lane in Union Township. The purchase was contingent upon zoning being changed from R-1 (residential single family) and A-1 (agricultural) to R-3 (planned multi-family residential). Appellant intended to build a condominium complex on the property. On October 4, 1996, appellant filed an application for a zoning amendment with the Union Township Zoning Commission. On December 10, 1996, the Union Township Trustees denied appellant's request. Appellant then brought a declaratory judgment action in the Clermont County Court of Common Pleas.
In his complaint, appellant claimed that the current zoning as applied to the property was unconstitutional and amounted to a constitutional taking. Appellees moved for summary judgment arguing that (1) the zoning ordinance advanced a legitimate state interest, (2) it did not deny appellant an economically viable use of the property, and (3) appellant lacked standing. In support of their motion, appellees attached the affidavit of the Union Township administrator, Kenneth Geis, several letters, and the minutes of the Board of Trustees meeting. On May 7, 1998, the trial court granted appellees' motion for summary judgment. Appellant appealed, arguing that the trial court erred by granting summary judgment. Under a single assignment of error, appellant presents four issues for review related to the zoning ordinance.
Civ.R. 56(C) states in part that summary judgment is appropriate where:
 there is no genuine issue of any material fact and * * * the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
The party seeking summary judgment must initially identify the elements of the nonmoving party's case upon which the moving party is entitled to judgment as a matter of law. Rumpke Rd. Dev. Corp. v. Board of Trustees (1996), 115 Ohio App.3d 17, 22, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party has satisfied this initial burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response * * * must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). (Emphasis added.) We note that in reviewing an entry of summary judgment, an appellate court applies the same standard used by the trial court. C. V. Perry Co. v. Village of West Jefferson (Mar. 25, 1996), Madison App. No. CA95-08-027, unreported, at 5, citing Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826.
In his first issue presented for review, appellant contends that summary judgment was improper because the trial court utilized the wrong legal test. The trial court followed the "conjunctive" test as presented by the Ohio Supreme Court in Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223. The "conjunctive" test requires any party challenging a zoning ordinance to prove, beyond fair debate,[1] "both that the enactment deprives him or her of an economically viable use and that it fails to advance a legitimate governmental interest." Rumpke at 20, quoting Gerijo, syllabus. (Emphasis sic.) Until recently, the Ohio Supreme Court applied this conjunctive test even though it conflicted with United States Supreme Court's analysis in zoning cases.[2] However, in Goldberg Cos. Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207, the Ohio Supreme Court resolved this conflict in Ohio law by recognizing that in recent cases, the court had "combined two different standards, one for challenging constitutionality and one for establishing a taking, and created a new one applicable to all zoning challenges, not just those alleging a taking." Goldberg at 212.
Although Goldberg was decided several weeks prior to its decision, the trial court followed the precedent set by this district in Rumpke and analyzed this case using the conjunctive test. In its analysis, the trial court made thorough findings as to both the "economic viability" prong and the "legitimate interest" prong of the conjunctive test. After careful review, we find that the trial court's findings are appropriate and compelling when extracted from the conjunctive analysis and reapplied to this case in accordance with Goldberg. Accordingly, we find that the trial court's error was not prejudicial and that summary judgment for appellees was appropriate. Therefore, we find that appellant's first issue for review lacks merit.
We will consider appellant's second and third issues for review together because the Supreme Court's recent decision in Goldberg is dispositive of both. In his second issue for review, appellant contends that summary judgment was inappropriate because there remained a genuine issue of material fact as to whether appellant was denied a viable use of the property. In his third issue for review, appellant contends that the existing zoning ordinance was unconstitutional because it did not advance a legitimate government interest. In Goldberg, the court delineated two separate challenges to any given zoning ordinance. First, it may be alleged that an ordinance is unconstitutional as applied to a particular parcel of land. Goldberg,81 Ohio St.3d at 210. Second, it may be alleged that the ordinance amounts to a constitutional taking of property. Id.[3] Each of these challenges corresponds with the issues raised on appeal by appellant.
The first type of challenge corresponds with appellant's third issue for review. When a challenge is asserted that an ordinance is unconstitutional as applied to a particular parcel of property, Goldberg states that "a zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." Id. at 214.[4]
Zoning ordinances are an exercise of the government's police power, and case law addressing governmental police power is well established. The police power of the government simply "does not extend to arbitrary, capricious and unreasonable" actions. Clifton Hills Realty Co. v. Cincinnati (1938), 60 Ohio App. 443,449. An ordinance which is enacted outside this permissible scope is unconstitutional because any ordinance that bears no relation to valid police power violates the requirements of the due process of law. White v. Cincinnati (1956), 101 Ohio App. 160, syllabus.
Zoning ordinances enjoy a strong presumption of validity. Cent. Motors Corp., 73 Ohio St.3d at 584, citing Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of Zoning Appeals (1988), 38 Ohio St.3d 184, 185. Any party challenging the validity of a zoning ordinance bears, at all stages of the proceeding, the burden of demonstrating that the provision is unconstitutional. Central Motors Corp. at 584. Furthermore, the doctrine of separation of powers dictates that "[t]he legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations." Willott v. Beachwood (1964), 175 Ohio St. 557, 560. Thus, to prevail on his third issue for review, appellant must show, beyond fair debate, that the ordinance is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Goldberg at 214.
The evidence provided by appellees in support of their motion stated that (1) current zoning limits growth in population and avoids putting further strain on public resources, (2) current zoning maintains traffic and infrastructure at current levels, (3) modified zoning could make the adjacent area less attractive to industrial developers, and (4) modified zoning would require more safety services, such as police and fire. Appellant conceded that some of these interests may be legitimate, but argued that current zoning did not advance these interests. Beyond this bare assertion, appellant presented no further evidence to support his claim.
The trial court found that appellant had not met the burden placed on him under Civ.R. 56(E). We find that the trial court's granting of summary judgment on this issue was proper. Additionally, we find that appellant's assertion that the ordinance is unconstitutional as applied is unpersuasive, for we cannot say that the zoning ordinance is arbitrary or unreasonable, nor can we say that it bears no substantial relation to the public health, safety, morals, or general welfare of the community. Thus, we find that appellant's third issue for review lacks merit.
The second type of challenge discussed in Goldberg, that a zoning ordinance amounts to a taking, corresponds with appellant's second issue for review. In determining whether a taking has occurred, the Goldberg court reaffirmed use of the "disjunctive" test presented in Agins, 447 U.S. 255. Agins states that a zoning ordinance amounts to a taking if it "does not substantially advance legitimate state interests * * * or denies an owner economically viable use of his land." Agins at 260. (Emphasis added.) Thus, to prevail on his second issue for review, appellant must set forth specific facts to show that a factual issue remained for trial as to whether the ordinance advanced a legitimate government interest, or whether the ordinance denied an economically viable use of the land. Id.
Obviously, the first prong of the Agins test directly overlaps with the analysis for a claim that an ordinance is unconstitutional as applied and, as stated above, appellant failed to set forth sufficient evidence to establish his claim. Regarding the second prong of the Agins test, to prove that a property as zoned is not economically viable, the challenger must show that the permitted uses are not economically feasible, are highly improbable, or are practically impossible under the circumstances. Holiday Homes, Inc. v. Miami Twp. Bd. of Trustees (Oct. 19, 1992), Clermont App. Nos. CA91-11-096, CA91-11-097, unreported, at 7. A landowner does not have a right to have his land zoned for its most advantageous economic use. Smythe v. Butler Township (1993), 85 Ohio App.3d 616, at 621. Further, we have stated in prior cases that one who purchases property with knowledge of the current zoning restrictions may not challenge the constitutionality of the existing zoning regulation merely because he may lose a more generous profit if a change in zoning is not made. Holiday Homes at 5. Similarly, one who purchases property in the hopes of gambling on securing a change in zoning has no right to complain if the legislative body declines to rezone the property for the gambling buyer's benefit. Smythe at 620.
In granting the motion for summary judgment, the trial court noted that appellant's only evidence regarding economic viability was appellant's own affidavit which simply stated that the neighboring industrial area reduced the possibility of using the property as currently zoned, and that the property was marketed for sale for several years without success. Appellant offered no evidence regarding prices solicited for the property, the aggressiveness used in marketing, or any money that was currently being generated by the property. The trial court found that appellant had failed to meet the burden imposed upon him under Civ.R. 56(E). Having carefully reviewed the record, we find that appellant failed to set forth the required specific facts and that summary judgment was proper on this issue. Thus, we find that appellant's second issue for review lacks merit.
In his final issue for review, appellant contends that he had standing based upon his contingent interest in the property. Appellees contend that since appellant was not the present possessor of the property, he lacked standing. We find that appellant's contingent interest in the property was sufficient to give him standing on both his claim of unconstitutionality and his claim of a constitutional taking.
Appellees rely solely upon Zetlig Land Dev. v. Bambridge Twp. (1991), 75 Ohio App.3d 302. In Zetlig, the Eleventh District Court of Appeals stated that "only a person with a present possessory interest in a parcel of property, * * * may challenge the constitutionality of the existing zoning of that parcel." Id. at 305-06. However, the Zetlig court went on to find that standing was proper because the developer had retained a contingent interest in a portion of the property and was under authority granted by contract, much like the case here.
We also find this case similar to Arlington Hts. v. Metro. Hous. Dev. Corp. (1977), 429 U.S. 252, 97 S.Ct. 555, where a developer claimed that the zoning was unconstitutional as applied. Like this case, the developer entered a contract contingent upon securing alternate zoning. The United States Supreme Court stated that standing is a question of whether the party has "such a personal stake in the outcome of the controversy * * * to justify exercise of the court's remedial powers on his behalf." Id. at 261, quoting Baker v. Carr (1962),369 U.S. 186, 204, 82 S.Ct. 691, 703. The party must show some form of injury, but the injury may be indirect. Arlington Hts. at 261.
The Supreme Court stated that the zoning plan of Arlington Heights stood as an absolute barrier to the developer's use of the property, and if the developer had received the injunctive relief he sought, that barrier would have been removed. Thus, the developer had standing. Id. Likewise, we find that appellant had standing to assert his first claim that the zoning was unconstitutional because he, like the developer in Arlington Hts., had the "right to be free from arbitrary or irrational zoning actions." Id. at 263.
We find that appellant also had sufficient standing to assert his taking claim. The purpose underlying the taking clause of the Fifth Amendment is to put the owner "in as good a position pecuniarily as if his property had not been taken." United States v. 564.54 Acres of Land, Etc. (1979), 441 U.S. 506, 510,99 S.Ct. 1854, 1857, quoting Olson v. United States (1934),292 U.S. 246, 255, 54 S.Ct. 704, 708. In a typical taking case, the government, exercising its power of eminent domain, must pay just compensation to the landowner as measured by the fair market value of the property at the time of the taking. 564.54 Acres of Land at 511.
This case, however, bears more similarity to a landowner's claim in inverse condemnation. The doctrine of inverse condemnation is predicated upon the idea that a taking may occur without the government instituting formal condemnation proceedings. First English Evangelical Lutheran Church v. Los Angeles (1987), 482 U.S. 304, 316, 107 S.Ct. 2378, 2386. Inverse condemnation allows the landowner to bring suit to determine if the government's action amounts to a taking. Then, "[o]nce a court determines that a taking has occurred, the government retains the whole range of options already available — amendment of the regulation, withdrawal of the invalidated regulation, or exercise of eminent domain." Id. at 321. See, also, Willoughby Hills v. Corrigan (1972), 29 Ohio St.2d 39, 50-51. Thus, if it had been determined that the ordinance amounted to a taking, Union Township would then have had the opportunity to cure the violation by amendment or withdrawal of the ordinance.
Based upon the foregoing, we find that appellant's contingent interest in the property was sufficient to give him standing to assert both his claim that the ordinance was unconstitutional as applied, and his claim that the ordinance amounted to a constitutional taking. We find this to be consistent with the rationale underlying the notion of compensation contained in the taking clause. Appellant's fourth issue therefore is well-taken.
In conclusion, after considering the facts of this case in light of Goldberg, we find that appellant had sufficient standing to bring these claims.[5] However, we find that summary judgment was appropriate on both of appellant's claims.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] "There is little difference between the `beyond fair debate' standard and the `beyond a reasonable doubt' standard." Cent. Motors Corp. v. City of Pepper Pike (1995), 73 Ohio St.3d 581,584, quoting Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19.
[2] Agins v. Tiburon (1980), 447 U.S. 255, 100 S.Ct. 2138, and Lucas v. South Carolina Coastal Council (1992), 505 U.S. 1003,112 S.Ct. 2886, both apply a "disjunctive" test when determining whether a zoning ordinance constitutes a Fifth Amendment taking.
[3] The Fifth Amendment provides in part "nor shall private property be taken for public use, without just compensation." This provision is made applicable to the states through the Fourteenth Amendment. Chicago Burlington Quincy Railroad Co. v. Chicago (1897), 166 U.S. 226, 17 S.Ct. 581.
[4] The court reinstated the test from Euclid Ohio v. Ambler Realty Co. (1926), 272 U.S. 365, 47 S.Ct. 114, for determining the constitutionality of a zoning ordinance.
[5] We also find it significant that the definition for "Landowner" in the Union Township Zoning Resolution states that "[t]he holder of an option or a contract to purchase * * * shall be deemed to be a landowner for the purposes of this article."