DECISION AND JOURNAL ENTRY
Defendant-appellant Scott Smith appeals a judgment of the Lorain County Court of Common Pleas that convicted him of engaging in a pattern of corrupt activity, conspiracy to commit aggravated robbery, carrying a concealed weapon, receiving stolen property, and possession of criminal tools, with a firearm specification. This Court affirms.
Smith was involved in a criminal enterprise with three brothers John Luther, William Luther, and Richard Luther. On June 28, 1997, the Luthers committed an armed robbery at the Fifth Third Bank on Oberlin Avenue in Lorain. On August 13, 1997, the Luthers committed another armed robbery at the Lorain National Bank at Sheffield Center.
The Luthers recruited Smith to join their criminal enterprise. The Luthers advised Smith about previous robberies that they had committed. A few months after the August 13, 1997 robbery of the Lorain National Bank, Smith and the Luthers began planning another bank robbery. Smith selected Chippewa Valley Bank in Canton as the next bank to be targeted.
On October 1, 1997, Smith, accompanied by William Luther and confidential FBI informant Frank Gordon, scouted Chippewa Valley Bank and the outlying area and made logistical plans regarding the robbery and get away route. On October 7, 1997, Smith stole a license plate from a motor vehicle at an Akron motel for use on their get away car.
On October 8, 1997, Smith met with William Luther and Frank Gordon to rob the Chippewa Valley Bank. Smith brought a firearm, a change of clothes, and disguises. Shortly thereafter, Smith was apprehended by FBI agents.
Smith was indicted by the Lorain County Grand Jury for one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1); one count of conspiracy to commit aggravated robbery, in violation of R.C. 2911.01(A)(1) and 2923.01(A)(1); one count of carrying a concealed weapon, in violation of R.C. 2923.12(A); one count of receiving stolen property, in violation of R.C. 2913.51(A); possession of criminal tools, in violation of R.C. 2923.24(A); and a firearm specification was attached to counts one, three, four, and five. After a jury trial, Smith was found guilty as charged.
Smith timely appeals, asserting two assignments of error.
 Assignment of Error I THE JUDGMENT OF CONVICTION OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, CONSPIRACTY [sic] TO COMMIT AGGRAVATED ROBBERY, CARRYING A CONCEALED WEAPON, RECEIVING STOLEN PRPERTY, AND POSSESSION OF CRIMINAL TOOLS ARE UNCONSTITUTIONAL BASED UPON DOUBLE JEOPARDY.
 In his first assignment of error, Smith argues that the use of his prior federal convictions in the subsequent state indictment and conviction for engaging in a pattern of corrupt activity violated the double jeopardy clause. This Court disagrees.
The Ohio Supreme Court has held that under the doctrine of dual sovereignty, a conviction or acquittal for a federal offense did not create a double jeopardy bar to a subsequent prosecution in Ohio courts for the same criminal acts. State v. Fletcher
(1971), 26 Ohio St.2d 221, 227, cetiorari denied (1972),404 U.S. 1024, 92 S.Ct. 699, 30 L.Ed.2d 675.
The General Assembly has deemed prior convictions to be fit for use as predicate offenses in a charge of engaging in a pattern of corrupt activity:
 "Pattern of corrupt activity" means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event. (Emphasis added.)
R.C. 2923.31(E).
The use of Smith's prior federal convictions as predicate acts in the subsequent state indictment for engaging in a pattern of corrupt activity is proper as a matter of statutory law, and is in harmony with the double jeopardy clause. R.C. 2923.31(E);Fletcher and Bartkus, supra. Accordingly, Smith's first assignment of error is overruled.
 Assignment of Error II THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29.
 In his second assignment of error Smith argues that his conviction for engaging in a pattern of corrupt activity was based on insufficient evidence. Specifically, Smith claims that since he was not part of the Luthers' first two robberies he cannot be guilty of engaging in a pattern of corrupt activity. This Court disagrees.
The test for the sufficiency of the evidence calls upon a reviewing court to view the evidence in a light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of a crime proved beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Motions for acquittal under Crim.R. 29 are evaluated under the sufficiency of the evidence standard set forth in Jenks. State v. Bezak (Feb. 18, 1998), Summit App. No. 18533, unreported.
The offense of engaging in a pattern of corrupt activity is set forth in R.C. 2923.32(A)(1), which provides:
 No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *.
A "pattern of corrupt activity" is defined as:
 [T]wo or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.
 R.C. 2923.31(E). "Corrupt activity" encompasses the offenses of conspiracy to commit aggravated robbery, carrying a concealed weapon, and receiving stolen property. R.C. 2923.31(I)(2)(a), (c).
The state persuasively cites to State v. McDade (Nov. 20, 1991), Miami App. No. 90 CA 46, unreported, 1991, appeal not allowed (1992), 63 Ohio St.3d 1441, wherein the Second District Court of Appeals rejected the claim of a defendant convicted of engaging in a pattern of corrupt activity who argued that he merely committed two corrupt acts, and was not a part of the criminal enterprise for its duration, concluding: "We do not understand R.C. 2923.32(A)(1) to require that a defendant be associated with the enterprise for the duration of the enterprise's existence." Id.
This Court concurs with the reasoning of the Second District Court of Appeals in McDade. In the instant case, Smith was guilty of three instances of corrupt activity conspiracy to commit aggravated robbery, carrying a concealed weapon, and receiving stolen property. Smith does not contest the evidentiary sufficiency of these predicates, rather he alleges they constitute a single event insufficient to sustain a conviction for engaging in a pattern of corrupt activity. The foregoing three predicate acts satisfy the legal requirement of "two or more incidents of corrupt activity," needed to sustain guilt for engaging in a pattern of corrupt activity. R.C. 2923.31(E). Accordingly, Smith was properly convicted of engaging in a pattern of corrupt activity.
Smith's second assignment of error is denied.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ DANIEL B. QUILLIN
BATCHELDER, P.J., SLABY, J., CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)