OPINION
On August 29, 1999, a Franklin County grand jury returned a four-count indictment against Lamont E. Needum. The indictment alleged that, on or about May 10, 1994, Mr. Needum committed aggravated robbery, robbery, kidnapping and unlawful possession of a dangerous ordnance. At the time of the indictment, Mr. Needum was incarcerated in the United States Penitentiary Allenwood in Pennsylvania, and was not scheduled to be released from federal custody until September 14, 2036; however, he was due to be resentenced following his partially-successful federal appeal. In United States v. Needum
(C.A.6, 1999), 174 F.3d 762, the Sixth Circuit Court of Appeals vacated, inter alia, Mr. Needum's conviction for using a firearm to rob an undercover federal agent after selling the agent "crack" cocaine. The related federal and state charges resulted from Mr. Needum's purported involvement with a group of drug dealers which dubbed itself the "Short North Posse."
Due to the necessary delays in transporting a federal prisoner to state court, Lamont Needum was not arraigned on the state charges until September 3, 1999.
Defense counsel filed a motion seeking dismissal of the state charges because of the delay between the alleged offense and the date of indictment. Counsel later filed a second motion to dismiss based upon a theory that Mr. Needum had previously been placed in jeopardy for the offenses alleged.
On three of the four counts, the trial court denied the motion to dismiss on double jeopardy grounds; however, the court sustained the motion as to the unlawful possession of a dangerous ordnance charge. In dismissing the dangerous ordnance charge on double jeopardy grounds, the trial court implicitly concluded that it was the "same offense" as the firearm offense which was reversed by the federal appellate court.As to all of the counts, the trial court sustained the other motion to dismiss in toto,
agreeing with defense counsel that an unjustifiable delay had occurred.
The state has pursued a direct appeal of the dismissal of the charges, assigning two errors for our consideration:
 FIRST ASSIGNMENT OF ERROR The trial court erred in dismissing the dangerous ordnance charge on double jeopardy grounds, when that charge did not satisfy the same elements test and when the dual sovereignty doctrine applied.
 SECOND ASSIGNMENT OF ERROR The trial court erred in dismissing the entire indictment on "unjustifiable delay" grounds, when defendant failed to demonstrate that any actual prejudice had occurred and when the delay was justifiable.
At the hearing on the motions to dismiss, the parties entered into the following stipulations:
 1. Lamont Needum was indicted in federal Case Number CR2-95-044(13) on March 23, 1995, on seven (7) separate counts including Count 97, carrying or using a firearm during and in relation to a drug trafficking offense or a crime of violence in violation of 18 U.S.C. § 924(c).
 2. Robbery is defined as a crime of violence for purposes of 18 U.S.C. § 924(c).
 3. Count 97 alleged that on or about May 10, 1994, Lamont Needum used a firearm during or in relation to a drug trafficking offense which took place immediately before the alleged robbery of A.T.F. [Bureau of Alcohol, Tobacco and Firearms] agent Rodney Russell.
 4. On November 8, 1995, Lamont Needum was convicted by a federal jury of Counts 1, 47, 92, 96, 97, 102 and 103 of the indictment which was the result of an investigation undertaken by local and federal law enforcement agents.
 5. On April 16, 1999, the United States Court of Appeals vacated Lamont Needum's conviction[s] on Counts 1, 97 and 103 of the indictment but affirmed his conviction[s] on Counts 47, 92, 96 and 102 of the indictment and rescinded [sic] the case for resentencing by the federal court.
 6. Between April 16, 1999 and April 29, 1999, AUSA [Assistant United States Attorney] Salvadore [sic] Dominguez, the prosecutor in the federal trial, contacted County Prosecutor David DeVillers and asked him to have the County review the case for possible prosecution.
 7. No new evidence has come to light between the federal prosecution and the instant state prosecution.
 8. The state prosecution would not have been undertaken but for the actions of the U.S. Court of Appeals in vacating the Defendant's conviction on count 97 of the indictment.
* * *
 10. Lamont Needum is currently awaiting resentencing by the Federal District Court on Counts 47, 92, 96 and 102. His presentence report recommends a sentence of 327 months (27.2 years) on these remaining counts. [Defendant's Exhibit A.]
The state of Ohio also placed in evidence a copy of the federal indictment charging Mr. Needum with the referenced offenses and a copy of a portion of the opinion of the Sixth Circuit Court of Appeals which found the evidence in federal court to have been insufficient to sustain a conviction for using a firearm in conjunction with a drug sale.
In its first assignment of error, the state contends that the trial court erred in dismissing the dangerous ordnance count on double jeopardy grounds. Stated generally, the double jeopardy protections afforded by the United States and Ohio Constitutions guard persons against both successive prosecutions and cumulative punishments for the "same offense." State v. Moss
(1982), 69 Ohio St.2d 515, 518.
The state advances two theories in support of its proposition that double jeopardy should not bar prosecution on the dangerous ordnance charge in state court. First, the federal and state charges did not satisfy the "same elements" test and, therefore, were separate and distinct offenses. In the alternative, the state contends that even if the offenses were identical, the "dual sovereignty" doctrine allowed the subsequent state prosecution.
The state first directs our attention to the recent ruling of the Supreme Court of Ohio in State v. Rance (1999),85 Ohio St.3d 632, paragraph three of the syllabus, which discussed the United States Supreme Court's decision in Blockburger v.United States (1932), 284 U.S. 299:
 In Ohio it is unnecessary to resort to the Blockburger
test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. (Garrett v. United States [1985], 471 U.S. 773 * * *; Albernaz v. United States [1981], 450 U.S. 333 * * *; State v. Bickerstaff
[1984], 10 Ohio St.3d 62 * * *, approved and followed.)
As expressly stated in Rance, "This case does not involve the successive-prosecution branch of the Double Jeopardy Clause." Id.
at 634. Instead, Rance speaks only to the "cumulative punishments" branch of the Double Jeopardy Clause in relation to R.C. 2941.25, Ohio's "allied offenses" statute. It is not directly on point and, thus, provides little guidance in assessing whether double jeopardy principles bar prosecution here.
Instead, Blockburger, supra, itself controls here, speaking directly to the issue of whether two offenses are "the same" for double jeopardy purposes. The test set forth inBlockburger asks whether each offense requires proof of an element that the other does not.
As indicated above in stipulations (1) and (3), count 97 of the federal indictment alleged that appellant "knowingly used and/or carried a firearm, during and in relation to a drug trafficking crime." The state indictment alleged that appellant violated R.C. 2923.17, unlawful possession of a dangerous ordnance. That statute generally prohibits, inter alia, carrying or using a weapon. The indictment specified that appellant knowingly carried or used an "automatic firearm."
Comparing the elements of the federal and state charges, the two offenses do not constitute the "same offense" for double jeopardy purposes since each requires proof of at least one element that the other does not. Specifically, count 97 required proof that appellant committed the offense "during and in relation to a drug trafficking crime." In its reversal of count 97, the federal appellate court stated:
 To be during and in relation to the drug trafficking crime, "the Government must prove that the firearm furthered the purpose or effect of the crime and that its presence of involvement was not the result of coincidence." United States v. Riascos-Suarez, 73 F.3d 616, 623 (6thCir.) * * *. The government contends that enticing [agent] Russell to return to buy more drugs is enough to make the use of the firearm for robbery a use during and in relation to the drug sale. We disagree. Attracting a person with the allure of a drug sale and then robbing the person is not enough to qualify as use of a firearm in relation to a drug sale. Here, despite the temporal proximity of the drug sale to the robbery, the firearm was used in relation to the latter, not the former. Section 924(c)(1) also applies to the use of a firearm in relation to "a crime of violence," but the government did not charge Needum with robbery here.
United States v. Needum, supra, at 780. [Citation omitted; emphasis added.]
In contrast, the state dangerous ordnance charge, as indicted, required proof that the firearm at issue was an "automatic" firearm. R.C. 2923.11(K)(1); R.C. 2923.11(E). The federal charge required no such proof.
Based upon the foregoing, the trial court erred in finding that the state charge was the "same offense" and, therefore, erred in its application of double jeopardy.
The state further argues, in the alternative, that even if the "same elements" test of Blockburger were satisfied, the "dual sovereignty" doctrine allows the subsequent prosecution. InState v. Fletcher (1971), 26 Ohio St.2d 221, the Supreme Court of Ohio held, at the syllabus:
 The conviction or acquittal of a defendant in a federal court on charges of violation of federal law is not a bar to criminal prosecution in Ohio courts for violation of Ohio penal statutes, where both prosecutions relate to and arise from the same criminal acts.
The Fletcher court, at 223-224, quoting Bartkus v. Illinois
(1959), 359 U.S. 121, 131-132, explained the rationale underlying the dual sovereignty doctrine:
 "`An offence, in its legal signification, means the transgression of a law.' * * *
 "`Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence of transgression of the laws of both.' * * *
 "`That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other.' * * *"
Given the foregoing, we must agree with the state that, even if the offenses here satisfied Blockburger's "same elements" test, the Supreme Court of Ohio's adoption of the dual sovereignty doctrine would allow the subsequent state prosecution.
Because the trial court erred in dismissing the dangerous ordnance count on double jeopardy grounds, the first assignment of error is sustained.
The state's second assignment of error challenges the trial court's dismissal of the indictment based upon an "unjustifiable delay" between the date of the alleged offenses and the resulting indictment. The state of this minimal evidentiary record, containing only the above-indicated stipulations, precludes our final resolution of this issue.
In State v. Whiting (1998), 84 Ohio St.3d 215, 217-218, the Supreme Court of Ohio set forth the applicable analysis of a claimed "unjustifiable delay":
 We confirm today our earlier pronouncement in State v. Luck (1984), 15 Ohio St.3d 150 * * *, that where a defendant moves to dismiss an indictment and presents evidence establishing substantial prejudice resulting from preindictment delay, the state bears the burden of producing evidence of a justifiable reason for the delay. * * *
 In Luck, this court used the test set forth in United States v. Marion (1971), 404 U.S. 307 * * *, and United States v. Lovasco (1977), 431 U.S. 783 * * *, to determine when an indictment should be dismissed due to an unreasonable preindictment delay. Luck, 15 Ohio St.3d at 153-154, 157-158 * * *. The Lovasco court burdened the defendant with establishing actual prejudice from the delay and charged the government with the burden of producing evidence of a justifiable reason for the delay. Accordingly, Luck requires first that the defendant produce evidence demonstrating that the delay has caused actual prejudice to his defense. Luck, 15 Ohio St.3d at 157-158 * * *. Then, after the defendant has established actual prejudice, the state must produce evidence of a justifiable reason for the delay. Id. at 158 * * *. "[T]he prejudice suffered by the defendant must be viewed in light of the state's reason for the delay." Id. at 154 * * *, citing Lovasco, 431 U.S. at 789-790 * * *. This court has not disturbed the test utilized in Luck and it is well-settled law in Ohio courts. * * * [Footnote omitted.]
The limited record before us offers no "justifiable reason" for the delay of almost five years between the alleged date of the offense and the indictment. The trial court apparently based its ruling dismissing the case solely upon this finding.
The offense was always known to law enforcement authorities, since the victim of the purported robbery is an agent of the Bureau of Alcohol, Tobacco and Firearms ("ATF"); again, ATF agent Rodney Russell was allegedly robbed at gunpoint following an undercover drug transaction. No practical reason for the delay was demonstrated. The state was able to obtain an indictment in less than two weeks after three of Mr. Needum's seven convictions were reversed by the Sixth Circuit Court of Appeals.
The record before us is also open to an inference that after Mr. Needum's sentence was reduced on appeal to a likely 27.2 years, a decision was made to try to tack on more prison time by pursuing additional charges in state court. The stipulations of fact set forth above reveal a federal prosecutor's expressed desires to at least one member of the Franklin County Prosecuting Attorney's Office that Mr. Needum be pursued on state charges after the Sixth Circuit vacated, inter alia, the charges related to the purported robbery of the ATF agent. We cannot say that what appears to be a retaliatory prosecution following a successful appeal constitutes a "justifiable" reason for delay.
We also note that R.C. 2901.13 generally places a complete bar on prosecution for felonies which are commenced more than six years after an offense is committed, although the statute was amended effective March 1999 to extend the time for some of the offenses alleged here. The fact that the state of Ohio is generally limited to prosecutions to six years from the date of the offense implies an awareness by the legislature of the existence of at least some degree of prejudice to persons who have their prosecutions delayed for five years or more.
Notwithstanding the foregoing, we cannot, however, simply presume the existence, or nonexistence, of the requisite prejudice. Given the mandates of Whiting, "actual" and "substantial" prejudice must be demonstrated before the burden shifts to the prosecution to justify the delay.
The second assignment of error is sustained. Resolution of the prejudice issue requires presentation of additional evidence beyond the scope of the stipulations. Accordingly, the trial court should conduct further evidentiary proceedings during which the parties have an opportunity to present evidence as to prejudice.
Having sustained the assignments of error, this cause is reversed and remanded to the trial court with instructions to conduct further proceedings which allow the parties an opportunity to present additional evidence consistent with this opinion.
 _________________ TYACK, J.
PETREE, J., concurs, BRYANT, J., concurs separately.